Joan E. Heller Trust (Formerly Joan E. Smotkin Trust), Arizona Trust Co., Trustee, et al. [1] v. Commissioner. Heller Trust v. Commissioner
Docket Nos. 87419-87423.
United States Tax Court
T.C. Memo 1966-121; 1966 Tax Ct. Memo LEXIS 163; 25 T.C.M. (CCH) 634; T.C.M. (RIA) 66121; June 6, 1966
David W. Richter, for the petitioners. David R. Brennan, for the respondent. MULRONEY Supplemental Memorandum Findings of Fact and Opinion MULRONEY, Judge: In a Memorandum Opinion of this Court filed on November 18, 1965 T.C. Memo. 1965-302), we held, in one of the three issues involved in these consolidated cases, that certain duplexes sold by petitioners during the years 1955, 1956 and 1957 were held by them in those years for sale to customers in the ordinary course of their trade or business and that the gains realized by petitioners from such sales were taxable as ordinary income. In our opinion we cited Malat v. Riddell, 347 F. 2d 23 (C.A. 9), for the distinction that is generally observed in cases of this nature between the sale of assets which have been held as investments and *164 the sale of assets to customers in the ordinary course of the taxpayer's business. When our Memorandum Opinion was filed, certiorari had been granted by the Supreme Court of the United States in the Malat case to resolve a conflict among the Courts of Appeal in interpreting the word "primarily" as used in section 1221 of the Internal Revenue Code of 1954, and subsequently the Supreme Court held (contrary to the view adopted by the Court of Appeals for the Ninth Circuit) that the word "primarily" means "principally" or "of first importance." Malat v. Riddell, 383 U.S. 569. Thereafter on April 7, 1966 petitioners filed their motion to vacate and revise our November 18, 1965 opinion and alleged therein that our opinion was "erroneous in law" in that it had adopted a theory specifically rejected by the Supreme Court in Malat v. Riddell, 383 U.S. 569. We have denied petitioners' motion but we believe it would be useful to supplement our original Memorandum Opinion in these consolidated cases to remove any doubts as to the legal standard used to reach our finding that the duplexes sold by petitioners were held by them during the years *165 in issue primarily for sale to customers in the ordinary course of their trade or business. In Malat the taxpayer, as the opinion of the Court of Appeals pointed out, was a member of a partnership which for some time had been engaged in the purchase and development of real estate for rental. See Malat v. Riddell, 347 F. 2d 23, 24, reversed 383 U.S. 569. Here the petitioner's business was primarily the development of tracts of realty for sale to customers in the ordinary course of its business. Before building these duplexes in 1951 and 1952 on one of three 80-acre tracts, some 500 houses had been built and sold on the other two 80-acre tracts. In Malat the taxpayer encountered financing difficulties and zoning restrictions so that it could possibly be said that its investment program was being abandoned and its sale of the tract without development was disposing of an investment. Here there was development and renting for three years of the houses in question but the ultimate sales during the years in question can well be said to be within the every day operation of a business that was primarily selling houses to customers. See Malat v. Riddell, 383 U.S. 569. *166 When we say in our opinion that petitioner intended at the outset to either rent or sell these houses, whichever proved more profitable, we are talking of a taxpayer whose primary business was developing and selling houses and who was about to try renting some of its houses, and if renting proved unprofitable, then it would be abandoned as a business endeavor and the houses, like the other 500 houses it built and sold to customers, would be held primarily for sale to customers in the ordinary course of its business. We think the houses in question were being held after late 1955 for sale to customers in furtherance of the primary business purpose of petitioner, which was that of developing real estate and selling houses. In our opinion we said the question turns upon whether the duplexes are property held by the taxpayer primarily for sale to customers in the ordinary course of its business. We found the duplexes were so held by petitioners within the meaning of the statute during the years in question. We have again reviewed the record, applying the various court-evolved tests, with the added interpretation of section 1221 by the Supreme Court in the Malat case and we adhere to *167 the conclusion reached in our opinion. Footnotes
1. The following proceedings are consolidated herewith: CAROLE D. SMOTKIN TRUST, ARIZONA TRUST CO., TRUSTEE, Docket No. 87420; ROBERT M. HELLER and JOAN E. HELLER, husband and wife, Docket No. 87421; HAROLD J. SMOTKIN TRUST, ARIZONA TRUST CO., TRUSTEE, Docket No. 87422; and EDWARD E. SMOTKIN and BETTY J. SMOTKIN, husband and wife, Docket No. 87423.↩